FILED

2018 APR 27 PM 4:42

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2018 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>ROGELIO VASQUEZ,<br>  aka "Roger Vasquez,"<br>  aka "James Harrison,"<br>  dba "PRB Logics Corporation,"<br><br>        Defendant. | SACR No. **CR-18 00085-JLS**<br><br>**I N D I C T M E N T**<br><br>[18 U.S.C. § 1343: Wire Fraud;<br>18 U.S.C. § 2320(a)(1):<br>Trafficking in Counterfeit Goods;<br>18 U.S.C. § 2320(a)(3):<br>Trafficking in Counterfeit<br>Military Goods; 18 U.S.C. § 2(b):<br>Causing an Act to Be Done;<br>18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461(c): Criminal<br>Forfeiture] |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

1.    At all times relevant to this Indictment:

a.    An integrated circuit ("IC") is a form of semiconductor.  It is an electronic circuit consisting of components and connectors contained on a semiconductor chip.  ICs are used in a variety of applications, including consumer electronics, transportation, medical equipment, military equipment, aircraft equipment, and spacecraft.  ICs are generally marked with the name or

1 | trademark of the original equipment manufacturer ("OEM"), as well as
2 | a unique part number, a date code ("DC"; generally, the year and week
3 | that the part was manufactured), a production lot code, and a code
4 | reflecting the country of assembly/origin.

5 |       b.   Xilinx Inc. ("Xilinx"), Analog Devices, Inc. ("Analog
6 | Devices"), and Intel Corporation ("Intel"), registered trademarks
7 | (collectively, the "Trademarks") on the principal register of the
8 | United States Patent and Trademark Office ("USPTO"), which were
9 | registered for use, and in use, as described below:

| OWNER | REGISTRATION NUMBER | MARK AND DESIGNATED GOODS AND SERVICES |
|---|---|---|
| Xilinx | 1713232 | Mark that consisted of the following words, letters, and/or numbers in a stylized form:  and used in connection with ICs and computer software in the field of programming ICs ("the Xilinx mark") |
| Analog Devices | 1717784 | Mark that consisted of the following design:  for use in connection with ICs ("the Analog Devices mark") |

| OWNER | REGISTRATION NUMBER | MARK AND DESIGNATED GOODS AND SERVICES |
|-------|---------------------|----------------------------------------|
| Intel | 2446693 | Mark that consisted of the following typed drawing:<br><br>**INTEL**<br><br>for use in connection with computers; computer hardware; software for use in operating and maintaining computer systems; semiconductors; microprocessors; ICs; microcomputers; computer chipsets; computer motherboards and daughterboards; computer graphics boards; computer networking hardware; computer network adaptors, switches, routers and hubs ("the Intel mark") |

c.   Each of the above Trademarks was in use at all times relevant to this Indictment.

d.   A counterfeit mark was: (i) a spurious mark that was used in connection with trafficking in goods; (ii) that was identical with, or substantially indistinguishable from, a mark registered on the principal register in the USPTO and in use, whether or not the defendant knew such mark was so registered; (iii) that was applied to and used in connection with the goods for which the work was registered; and (iv) the use of which was likely to cause confusion, to cause mistake, and to deceive.

e.   Defendant ROGELIO VASQUEZ, also known as ("aka")
"Roger Vasquez," aka "James Harrison" ("VASQUEZ"), was a resident of
Orange, California.

f.   Defendant VASQUEZ, doing business as ("dba") "PRB
Logics Corporation" ("PRB Logics") in Orange County, California, was
a reseller/broker of electronic components.

g.   Defendant VASQUEZ, dba PRB Logics, maintained an
Internet website www.prblogics.com and advertised name-brand and
trademarked ICs on the website.

COUNTS ONE THROUGH NINE

[18 U.S.C. § 1343]

A.   INTRODUCTORY ALLEGATIONS

2.   The Grand Jury repeats and realleges paragraph 1 of this Indictment as if fully set forth herein.

B.   THE SCHEME TO DEFRAUD

3.   Beginning on a date unknown to the Grand Jury, but no later than in or about July 2009, and continuing through on or about May 31, 2016, in Orange County, within the Central District of California, and elsewhere, defendant VASQUEZ, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud customers as to material matters, and to obtain money and property from such customers by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

C.   THE MANNER AND MEANS OF THE SCHEME TO DEFRAUD

4.   The scheme to defraud operated, in substance, in the following manner:

a.   Doing business as PRB Logics, defendant VASQUEZ acquired, from sources in the People's Republic of China ("China"), old, used and/or discarded ICs that were repainted and remarked with a counterfeit mark and further remarked with an altered date code, lot code, and/or country of origin, for the purpose of reselling them.

b.   In order to deceive customers and end users, defendant VASQUEZ instructed his suppliers to remark ICs in a manner such that his customers and end users seeking new ICs would believe that the ICs were new, rather than used and remarked.

c.   Defendant VASQUEZ, through false and fraudulent representations and the concealment of material facts, then resold the repainted and remarked ICs in an effort to deceive customers and end users into thinking that the parts were new parts.

d.   In order to deceive customers and end users into believing that the ICs were new, rather than used and remarked, defendant VASQUEZ also instructed a testing laboratory in China to provide him with two versions of its test report; one to defendant VASQUEZ with all test results and a separate sanitized version to provide to his customer (which the customer, in turn, would provide to the end user) without the results of any visual inspection and permanency or other marking tests ("marking tests"), which would have revealed that the ICs were used, remarked and/or in poor condition.

D.   THE USE OF THE WIRES

5.   On or about the dates set forth below, in Orange County, within the Central District of California, and elsewhere, defendant VASQUEZ, for the purpose of executing the above-described scheme to defraud, transmitted and caused the transmission of the following items by means of wire communication in interstate and foreign commerce:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| ONE | 3-10-16 | Email sent from California to supplier in China responding to supplier who advised that parts would not pass a visual inspection and instructing that parts "must look good too." |
| TWO | 3-10-16 | Email sent from California to supplier in China instructing supplier to "please do your best so parts are remark correctly." |

| THREE | 3-10-16 | Email sent from California to supplier in China instructing supplier to "please make sure the top surface is remark and parts look good too." |
|---|---|---|
| FOUR | 3-22-16 | Email sent from California to the testing laboratory in China instructing the laboratory to create one test report for defendant's customer and another test report for defendant reflecting "how the parts look like." |
| FIVE | 4-1-16 | Email sent from California to the testing laboratory in China instructing the laboratory not to include the marking test on the test report, defendant knows the parts are remarked, and asking if there is a way to ship parts to defendant so he does not have a problem with U.S. Customs. |
| SIX | 4-4-16 | Email sent from California to the testing laboratory in China instructing the laboratory not to type on the final test report the results of the inspection and "ALSO DO NTO MENTION ANYTHIGN ABOUT THE MARKING TEST." |
| SEVEN | 4-18-16 | Email sent from California to supplier in China instructing supplier not to use the supplier's name on the shipment because defendant did not want his customer to ever contact the supplier because defendant told his customer that the parts were new. |
| EIGHT | 5-11-16 | Email sent from California to supplier in China forwarding test report on the parts and asking why supplier did not "do a good job" on the parts. |

COUNT NINE

[18 U.S.C. §§ 2320(a)(1), 2(b)]

6.    The Grand Jury repeats and realleges paragraph 1 of this Indictment as if fully set forth herein.

7.    On or about December 23, 2015, in Orange County, within the Central District of California, and elsewhere, defendant VASQUEZ, with intent to deceive and confuse, trafficked in, and caused to be trafficked in, goods, namely, 24 "Xilinx" ICs, part number XC95216-10PQ160I, and knowingly used on and in connection with such goods a counterfeit mark, namely, a spurious mark identical to and substantially indistinguishable from the Xilinx mark, and the use of which counterfeit mark was likely to cause confusion, to cause mistake, and to deceive.

COUNT TEN

[18 U.S.C. §§ 2320(a)(1), 2(b)]

8.    The Grand Jury repeats and realleges paragraph 1 of this Indictment as if fully set forth herein.

9.    On or about February 4, 2016, in Orange County, within the Central District of California, and elsewhere, defendant VASQUEZ, with intent to deceive and confuse, trafficked in, and caused to be trafficked in, goods, namely, 24 "Analog Devices" ICs, part number DAC100ACQ5/883, and knowingly used on and in connection with such goods a counterfeit mark, namely, a spurious mark identical to and substantially indistinguishable from the Analog Devices mark, and the use of which counterfeit mark was likely to cause confusion, to cause mistake, and to deceive.

COUNT ELEVEN

[18 U.S.C. §§ 2320(a)(1), 2(b)]

10.  The Grand Jury repeats and realleges paragraph 1 of this Indictment as if fully set forth herein.

11.  On or about February 4, 2016, in Orange County, within the Central District of California, and elsewhere, defendant VASQUEZ, with intent to deceive and confuse, trafficked in, and caused to be trafficked in, goods, namely, 20 "Xilinx" ICs, part number XQ4028EX-4HQ240N, and knowingly used on and in connection with such goods a counterfeit mark, namely, a spurious mark identical to and substantially indistinguishable from the Xilinx mark, and the use of which counterfeit mark was likely to cause confusion, to cause mistake, and to deceive.

1

2

COUNT TWELVE

[18 U.S.C. §§ 2320(a)(1), 2(b)]

3      12.   The Grand Jury repeats and realleges paragraph 1 of this

4  Indictment as if fully set forth herein.

5      13.   On or about February 11, 2016, in Orange County, within the

6  Central District of California, and elsewhere, defendant VASQUEZ,

7  with intent to deceive and confuse, trafficked in, and caused to be

8  trafficked in, goods, namely, 16 "Xilinx" ICs, part number XC3042A-

9  7PG84M, and knowingly used on and in connection with such goods a

10  counterfeit mark, namely, a spurious mark identical to and

11  substantially indistinguishable from the Xilinx mark, and the use of

12  which counterfeit mark was likely to cause confusion, to cause

13  mistake, and to deceive.

COUNT THIRTEEN

[18 U.S.C. §§ 2320(a)(1), 2(b)]

14.   The Grand Jury repeats and realleges paragraph 1 of this Indictment as if fully set forth herein.

15.   On or about March 30, 2016, in Orange County, within the Central District of California, and elsewhere, defendant VASQUEZ, with intent to deceive and confuse, trafficked in, and caused to be trafficked in, goods, namely, 7 "Xilinx" ICs, part number XQ4005E-4PG156M, and knowingly used on and in connection with such goods a counterfeit mark, namely, a spurious mark identical to and substantially indistinguishable from the Xilinx mark, and the use of which counterfeit mark was likely to cause confusion, to cause mistake, and to deceive.

## COUNT FOURTEEN

[18 U.S.C. §§ 2320(a)(1), 2(b)]

16.   The Grand Jury repeats and realleges paragraph 1 of this Indictment as if fully set forth herein.

17.   On or about April 7, 2016, in Orange County, within the Central District of California, and elsewhere, defendant VASQUEZ, with intent to deceive and confuse, trafficked in, and caused to be trafficked in, goods, namely, 7 "Xilinx" ICs, part number XQ4005E-4PG156M, and knowingly used on and in connection with such goods a counterfeit mark, namely, a spurious mark identical to and substantially indistinguishable from the Xilinx mark, and the use of which counterfeit mark was likely to cause confusion, to cause mistake, and to deceive.

## COUNT FIFTEEN

[18 U.S.C. §§ 2320(a)(3), 2(b)]

18.   The Grand Jury repeats and realleges paragraph 1 of this Indictment as if fully set forth herein.

19.   On or about May 5, 2016, in Orange County, within the Central District of California, and elsewhere, defendant VASQUEZ, with intent to deceive and confuse, trafficked in, and caused to be trafficked in, goods, knowing that such goods were counterfeit military goods, the use, malfunction, and failure of which were likely to cause serious bodily injury and death, the disclosure of classified information, impairment of combat operations, and other significant harm to a combat operation, a member of the Armed Forces, and to national security, namely, 8 "Xilinx" ICs, part number XQ2VP40-5FG676N.

COUNT SIXTEEN

[18 U.S.C. §§ 2320(a)(1), 2(b)]

20.   The Grand Jury repeats and realleges paragraph 1 of this Indictment as if fully set forth herein.

21.   On or about May 11, 2016, in Orange County, within the Central District of California, and elsewhere, defendant VASQUEZ, with intent to deceive and confuse, trafficked in, and caused to be trafficked in, goods, namely, 217 "Intel" ICs, part number S80C196KB12, and knowingly used on and in connection with such goods a counterfeit mark, namely, a spurious mark identical to and substantially indistinguishable from the Intel mark, and the use of which counterfeit mark was likely to cause confusion, to cause mistake, and to deceive.

## COUNTS SEVENTEEN THROUGH TWENTY-NINE

[18 U.S.C. § 2320(a)(1)]

22. The Grand Jury repeats and realleges paragraph 1 of this Indictment as if fully set forth herein.

23. On or about May 26, 2016, in Orange County, within the Central District of California, and elsewhere, defendant VASQUEZ, with intent to deceive and confuse, trafficked in goods, namely, the goods listed in the below chart, and knowingly used on and in connection with such goods counterfeit marks, namely, spurious marks identical to and substantially indistinguishable from the Xilinx mark, and the use of which counterfeit mark was likely to cause confusion, to cause mistake, and to deceive:

| COUNT | QTY. | TRAFFICKED GOOD |
|-------|------|-----------------|
| SEVENTEEN | 3 | "Xilinx" IC, part no. XC2S200-5FG456C |
| EIGHTEEN | 480 | "Xilinx" IC, part no. XC2V1000-4FGG456C (DC 0725) |
| NINETEEN | 336 | "Xilinx" IC, part no. XC2V1000-4FGG456C (DC 0709) |
| TWENTY | 40 | "Xilinx" IC, part no. XC2V4000-4BFG957C |
| TWENTY-ONE | 1 | "Xilinx" IC, part no. XC2VP40-5FF1152I |
| TWENTY-TWO | 152 | "Xilinx" IC, part no. XC2VP40-5FFG1152I |
| TWENTY-THREE | 3 | "Xilinx" IC, part no. XC4085XL-3BG560I |
| TWENTY-FOUR | 54 | "Xilinx" IC, part no. XC9536-10VQG44I |
| TWENTY-FIVE | 100 | "Xilinx" IC, part no. XCS05XL-4VQ100I |
| TWENTY-SIX | 10 | "Xilinx" IC, part no. XCS40-4PQ240C |
| TWENTY-SEVEN | 13 | "Xilinx" IC, part no. XCV1000E-6HQ240I |
| TWENTY-EIGHT | 108 | "Xilinx" IC, part no. XCV2000E-7FG680C |
| TWENTY-NINE | 7 | "Xilinx" IC, part no. XQ2VP40-5FG676N |

COUNT THIRTY

[18 U.S.C. §§ 2320(a)(1), 2(b)]

24.  The Grand Jury repeats and realleges paragraph 1 of this Indictment as if fully set forth herein.

25.  On or about May 31, 2016, in Orange County, within the Central District of California, and elsewhere, defendant VASQUEZ, with intent to deceive and confuse, trafficked in, and caused to be trafficked in, goods, namely, 7 "Xilinx" ICs, part number XQ4005E-4PG156M, and knowingly used on and in connection with such goods a counterfeit mark, namely, a spurious mark identical to and substantially indistinguishable from the Xilinx mark, and the use of which counterfeit mark was likely to cause confusion, to cause mistake, and to deceive.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

26.  Pursuant to Federal Rule of Criminal Procedure 32.2(a), notice is hereby given that upon conviction of any of the offenses in violation of Title 18, United States Code, Sections 1343 and/or 2320, set forth in Counts One through Thirty of this Indictment, defendant VASQUEZ shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the following:

a.   All right, title and interest in any property, real or personal, which constitutes or is derived from proceeds obtained, directly or indirectly, as a result of each such violation; and

b.   To the extent such property is not available for forfeiture, a sum of money equal to the total amount of proceeds derived from each such violation.

27.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, Section 2461(c), defendant VASQUEZ, if so convicted, shall forfeit substitute property, up to the total value of the property described in paragraph 26 if, by any act or omission of the defendant, the property described in paragraph 26 or any portion thereof, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e)

/ /

/ /

/ /

/ /

1  has been commingled with other property that cannot be divided

2  without difficulty.

3

4                                    A TRUE BILL

5

6                                    _____

7                                    Foreperson

8  NICOLA T. HANNA
   United States Attorney
9

10

11 PATRICK R. FITZGERALD
   Assistant United States Attorney
12 Chief, National Security Division

13 RYAN WHITE
   Assistant United States Attorney
14 Chief, Cyber & Intellectual
   Property Crimes Section
15
16 LISA E. FELDMAN
   Assistant United States Attorney
   Cyber & Intellectual Property
17 Crimes Section

18

19

20

21

22

23

24

25

26

27

28